**Iroegbu Clifford ESOMONU,
Petitioner,**

**v.**

**Jefferson B. SESSIONS III, Attorney
General, Respondent.**

**No. 13-74353**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 19, 2017
San Francisco, California

Filed July 3, 2017

Emmanuel Eke Enyinwa, Esquire, Attorney, Law Office of Emmanuel Enyinwa, San Francisco, CA, for Petitioner

Aaron Nelson, Trial Attorney, Stefanie N. Hennes, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: SCHROEDER and MURGUIA, Circuit Judges, and MCCALLA,* District Judge.

### MEMORANDUM **

Petitioner Iroegbu Clifford Esomonu, a native and citizen of Nigeria, appeals the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the immigration judge's ("IJ") order denying of his application for asylum, withholding of removal, and United Nations Convention Against Torture ("CAT") protection. Esomonu argues he qualifies for asylum based on past persecution and seeks to reinstate his 2000 asylum application. Esomonu also challenges the BIA's denial of his request for withholding of removal and CAT protection. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we review de novo questions of

* The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

law, *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). We deny the petition for review.

In 2000, Esomonu applied for asylum based on religious persecution. In April 2003, before the IJ adjudicated his application, Esomonu moved for voluntary departure to Nigeria or Canada. Esomonu and his counsel acknowledged that this withdrawal meant Esomonu could not reapply for asylum absent exceptional circumstances. Esomonu then voluntarily departed to Canada, but in 2003 illegally reentered the United States. Four years after Esomonu's 2003 reentry, in 2007, he moved to reopen his removal proceedings and reinstate his 2000 asylum application.

■ Esomonu first contends that he should be able to reinstate his 2000 asylum application. The BIA denied Esomonu's request to reinstate his previous asylum application because Esomonu withdrew it in exchange for voluntary departure. By knowingly and voluntarily withdrawing his asylum application in exchange for a tactical advantage,[1] Esomonu waived his right to revive it. *See INS v. Doherty*, 502 U.S. 314, 327–328, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Thus, we deny the petition as to Esomonu's request to reinstate his 2000 asylum application.

■ Esomonu alternatively argues that even if he could not reinstate his 2000 asylum application, the untimeliness of his 2007 asylum application is excused by changed country conditions and extraordinary circumstances. The BIA found Esomonu failed to show either any "changed circumstances ... materially affecting" his chances of political and/or racial persecution in Nigeria, or any "extraordinary circumstances relat[ed] to [the] delay in filing [his] application" within one year of entering the United States in 2003. 8 U.S.C. § 1158(a)(2)(D). Substantial evidence supports the BIA's conclusion that Esomonu's relocation to two states within the United States and his use of two immigration attorneys did not constitute "extraordinary circumstances" beyond Esomonu's control that directly affected his untimely filing. Substantial evidence also supports the BIA's determination that Esomonu's cousin's death, Esomonu's joining of MASSOB, a political pro-Biafran group, and "the alleged 'resurgence of the mob violence against Ibos'" are not changed country conditions that materially affected Esomonu's risk of experiencing political or racial persecution in Nigeria. Accordingly, we deny the petition as to whether changed country conditions or extraordinary circumstances excused Esomonu's delay in filing his asylum application more than one year after entering the United States in 2003.

■ Esomonu further challenges the BIA's determination that he failed to establish past persecution to succeed on his application for withholding of removal. To succeed on a withholding of removal claim, Esomonu had to establish that his life or freedom would be threatened in Nigeria because of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). He could meet that burden by proving past persecution in Nigeria based on one of the five protected grounds, which would trigger a rebuttable presumption of entitlement to withholding of removal. 8 C.F.R. § 1208.16(b)(1)(i). Alternatively, Esomonu could establish that he would face such

---

1. The advantage of voluntary departure is two-fold: the alien spends less time in custody and voluntary departure has a less prejudicial effect on future lawful attempts to enter the United States than would a formal deportation. *See Perez-Funez v. INS*, 611 F.Supp. 990, 993 (C.D. Cal. 1984).

persecution if he were removed to Nigeria. 8 C.F.R. § 1208.16(b)(2); *INS v. Stevic*, 467 U.S. 407, 429–30, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). The BIA found Esomonu failed under both inquiries. Substantial evidence supports the agency's finding that Esomonu failed to establish past persecution because the two riots—during which his business was burned and looted—and the general discrimination he experienced as an Igbo-Christian in Nigeria are not sufficient to compel the conclusion that he suffered past persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). Substantial evidence also supports the BIA's determination that Esomonu failed to establish that it was more likely than not that he would face future persecution if removed to Nigeria. Esomonu did not challenge the standard applied by the IJ or BIA. We therefore deny the petition as to Esomonu's claim for withholding of removal.

■ Esomonu finally challenges the BIA's denial of his application for CAT relief. Substantial evidence supports the IJ and BIA's denial of CAT relief because Esomonu failed to establish it is more likely than not that he would be tortured if returned to Nigeria. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir. 2004). We deny the petition as to Esomonu's claim for CAT relief.

**Petition DENIED.**